**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**November 30, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

THORSTEN GUNTER RUSHING,

Petitioner - Appellant,

v.

KAMERON HAVERNEK,

Respondent - Appellee.

No. 22-6072
(D.C. No. 5:21-CV-00394-D)
(W.D. Okla.)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**[*]
_____

Before **McHUGH**, **MORITZ**, and **CARSON**, Circuit Judges.
_____

Thorsten Gunter Rushing is an Oklahoma prisoner.  He filed a habeas petition

under 28 U.S.C. § 2254, and the district court denied it.  He seeks a certificate of

appealability to appeal the district court's decision.[1]  We deny him a certificate of

appealability and dismiss this matter.

**I.  Background**

An Oklahoma jury convicted Rushing of conspiracy to commit first-degree murder

and two counts of first-degree murder.  After an unsuccessful direct appeal, he sought

---

[*] This order is not binding precedent except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We construe Rushing's notice of appeal and opening brief as a request for a certificate of appealability.  *See* Fed. R. App. P. 22(b)(2).

postconviction relief in state court. The state district court denied relief, and the

Oklahoma Court of Criminal Appeals (OCCA) affirmed.

Rushing then filed his habeas petition in federal court, raising the following four

claims:

1.  The trial court violated his due-process rights by admitting a co-conspirator's
    coerced pretrial statement.

2.  Rushing's trial counsel provided ineffective assistance by failing to present a
    complete defense.

3.  The trial court violated his due-process rights by admitting gruesome
    photographs.

4.  Rushing's appellate counsel provided ineffective assistance by failing to raise on
    direct appeal the issues underlying his first three habeas claims.

The district court concluded that Rushing's first three claims were procedurally barred,

and it denied his fourth claim on the merits.[2]  Rushing now seeks to appeal.

## II.  Discussion

To appeal the district court's judgment, Rushing needs a certificate of

appealability. 28 U.S.C. § 2253(c)(1)(A). We may issue a certificate of appealability

only if he "has made a substantial showing of the denial of a constitutional right."

§ 2253(c)(2). This standard requires him to "show that reasonable jurists could debate

whether (or, for that matter, agree that) the petition should have been resolved in a

---

[2] The district court concluded that parts of Rushing's third and fourth claims were unexhausted, and it denied those parts under the doctrine of anticipatory procedural bar. Rushing presents no argument against that analysis, so he has waived any challenge to it. *See United States v. Springfield*, 337 F.3d 1175, 1178 (10th Cir. 2003). For that reason, we do not discuss the unexhausted parts of Rushing's claims. When we refer to his claims in this order, we mean those parts that the district court concluded were exhausted.

different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (brackets and internal quotation marks omitted). If a state court previously adjudicated a habeas claim on the merits, then our analysis incorporates the deferential treatment of state-court decisions required under the Antiterrorism and Effective Death Penalty Act of 1996. *Dockins v. Hines*, 374 F.3d 935, 938 (10th Cir. 2004). The deference owed to a state court's adjudication on the merits permits a federal court to grant habeas relief only if the state-court decision "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts." § 2254(d).

When a district court denies a habeas claim on procedural grounds, the petitioner cannot obtain a certificate of appealability unless reasonable jurists could debate not only whether the petition states a valid constitutional claim but also whether the district court's procedural ruling is correct. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

## A. Claim Four: ineffective assistance of appellate counsel.

We start with Rushing's fourth claim—ineffective assistance of appellate counsel—because the disposition of that claim affects our analysis of the others. To prevail on an ineffective-assistance claim, a petitioner must show that counsel performed deficiently, and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984).

The OCCA concluded that Rushing failed to present sufficient factual and evidentiary support for his arguments alleging ineffective assistance of appellate counsel.

He "apparently did not provide the" state district court "with any evidence" supporting his postconviction claims, Aplt. App. at 214, so the record before the OCCA did not contain trial transcripts, the challenged statement of his co-conspirator, or the photographs he labels too gruesome to admit at trial. And although he argued that his appellate counsel should have challenged the performance of his trial counsel for failing to call witnesses or present a defense, he did not say what the witnesses would have testified about or what defense his counsel should have presented.

Given the record before it, the OCCA did not unreasonably apply *Strickland* or unreasonably determine the facts when it denied relief on Rushing's claim that his appellate counsel provided ineffective assistance. Reasonable jurists could not debate this conclusion, even though Rushing insists the OCCA "ignored the factual claims" he made about his co-conspirator's statement. Appl. for Certificate of Appealability at 10. On that point, the OCCA did not fault Rushing for failing to *make* factual claims; it faulted him for failing to *support* them by developing the postconviction record.

**B. Claims One through Three: the procedurally barred claims.**

"Claims that are defaulted in state court on adequate and independent state procedural grounds will not be considered by a habeas court, unless the petitioner can demonstrate cause and prejudice or a fundamental miscarriage of justice." *Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008).

The state district court denied Rushing's first three habeas claims because he could have raised them on direct appeal. The OCCA did not directly address the claims.[3] Faced with those circumstances, the federal district court looked back to the state district court's decision and concluded it imposed a procedural default. *See Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991) (When "the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.").

Rushing argues that he can overcome the default by showing both (1) cause and prejudice and (2) a fundamental miscarriage of justice. He asserts his appellate counsel's ineffective assistance amounts to cause for his procedural default. But this argument cannot succeed because he failed to show that he received ineffective assistance from his appellate counsel. *See Sherrill v. Hargett*, 184 F.3d 1172, 1176 (10th Cir. 1999). And although he invokes the miscarriage-of-justice exception, he identifies nothing suggesting, as the exception requires, "that he is actually innocent of the crime of conviction." *Pacheco v. El Habti*, 48 F.4th 1179, 1186 (10th Cir. 2022) (internal quotation marks omitted). In short, reasonable jurists could not debate the district court's ruling that Rushing's first three claims were procedurally barred.

---

[3] The OCCA addressed the claims only "under the rubric of ineffective assistance of appellate counsel." Aplt. App. at 213.

## III.  Conclusion

We deny Rushing a certificate of appealability and dismiss this matter.


Entered for the Court


Nancy L. Moritz
Circuit Judge